HAROLD T. WINER AND PATRICIA G. WINER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Winer v. Commissioner
Docket No. 5929-82.
United States Tax Court
T.C. Memo 1986-75; 1986 Tax Ct. Memo LEXIS 533; 51 T.C.M. (CCH) 495; T.C.M. (RIA) 86075; February 20, 1986. Lawrence B. Schwartz, and Scott M. Gerard, for the petitioners. Frank W. Louis, for the respondent. CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION CLAPP, Judge: Respondent determined deficiencies and additions to tax in petitioners' Federal income tax as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a) [1]
1973
$12,456
$3,114
$623
1974
32,073
8,018
1,604
After concessions, the issues for decision are: *534 1) whether petitioners are entitled to a business or nonbusiness bad debt deduction; and 2) whether petitioners are liable for additions to tax for failure to file timely tax returns under section 6651(a). FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. At the time the petition in this case was filed, Harold T. Winer resided in Bridgeport, Connecticut and Patricia G. Winer resided in Fairfield, Connecticut. Harold T. Winer (petitioner) has been an automobile dealer for over 50 years. He was vice president and 50 percent owner of Winer Motors, Inc. (Winer), a Chevrolet agency incorporated in 1946. Petitioner also owned 100 percent of Harwin, Inc. (Harwin), a real estate corporation, incorporated in 1965, which owned a one-half interest in the land that Hart-Twin Volvo Corp. (Hart-Twin) used. Hart-Twin, a Volvo agency, began business in 1969. Petitioner was president and owner of 5,000 of the 6,720 outstanding shares of Hart-Twin. He, however, did not receive a salary. In order to obtain financing for Hart-Twin, petitioner guaranteed loans from Connecticut Bank *535 and Trust Company, the proceeds of which were used for floor plan financing. In 1974, Hart-Twin defaulted on its financing obligations. Because of petitioner's guarantee, he paid, through Harwin, $172,131.67 to Hart-Twin's creditors. The payments were primarily applied to "out of trust" payments. Petitioners' joint Federal income tax returns for the taxable years 1973 and 1974 were received by the Internal Revenue Service Center on September 16, 1974 and December 22, 1975, respectively. Petitioners did not request an extension of time to file either the 1973 or 1974 return. On their 1974 Form 1040, petitioners claimed $192,036 as a miscellaneous deduction for an "amount paid to redeem debt to Harttwin (sic) Volvo." Respondent disallowed the miscellaneous deduction but allowed $172,131.67 as a nonbusiness bad debt. OPINION A bad debt deduction will be characterized as business rather than nonbusiness if the debt bore a proximate relationship to the taxpayers' trade or business. Sec. 1.166-5(b)(2), Income Tax Regs. In determining whether this relationship is present, the proper measure is that of the taxpayer's dominant motivation; a significant motivation is not sufficient. *536 United States v. Generes,405 U.S. 93, 103 (1972). Petitioner contends that his dominant motivation for making the guarantees was to provide him future employment. Respondent contends that the loan guarantees were substantially investment related. We agree with respondent. The issue here is strictly factual. The parties have cited a number of cases involving this same issue and somewhat similar facts and circumstances. These cases are helpful in establishing a general frame of reference, but a detailed analysis of each case and comparison of the facts in each case with those before us is not necessarily determinative. We must step back and take a look at the facts and circumstances of this case and reach our conclusion here as to petitioner's dominant motivation. Petitioner was attempting to earn a living. He also was involved in at least three corporations and was motivated by a desire to protect those investments and those businesses. His investments in Winer and Harwin were so intertwined with Hart-Twin and his guarantee of the Hart-Twin loans so intertwined with his total investment picture that it cannot be said that his dominant motive related to *537 his employment as opposed to his investments. Respondent's determination carries with it a presumption of correctness. The Supreme Court in United States v. Generes,supra has set forth a standard of dominant motivation which petitioner must meet. Based on the record before us, we conclude that petitioner has neither overcome the presumption of correctness or met the dominant motivation standard and we further conclude that petitioner's loan guarantees were substantially investment related. With regard to the section 6651(a) addition, we also find for respondent. Petitioner presented some evidence regarding a fire at Hart-Twin, a coronary allegedly suffered by his brother, and reliance on an in-house accountant presumably as reasons for the late filing of his 1973 and 1974 tax returns. However, the record fails to establish a clear connection between the circumstances and the late filing nor does it establish that these circumstances made it impossible for petitioner to comply with the filing deadlines. Furthermore, petitioner has not addressed this issue in either his brief or his reply brief which suggests that petitioner has conceded the issue. To reflect *538 the foregoing, as well as pre-trial concessions by the parties, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩